United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Adidas AG, and others, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 17-61652-CIV-SCOLA/SNOW |
| | ) |
| Bazhuk6, and others, | ) |
| Defendants. | ) |

## Final Default Judgment And Permanent Injunction Against Defendants 1, 3-12, 14-31

This matter is before the Court on the Plaintiffs' Motion for Default Judgment (ECF No. 36). The Plaintiffs have moved for a default judgment consistent with Federal Rule of Civil Procedure 55(b)(2). The Clerk of the Court entered a default under Rule 55(a) (ECF Nos. 32, 37). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Almeira v. GB House, LLC*, No. 14–cv–00045, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). An evidentiary hearing on damages is unnecessary as long as "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005).

The Court has carefully reviewed the Plaintiffs' motion, the record, and the relevant legal authorities. Accordingly, it is **ordered and adjudged** that the Plaintiffs' Motion for Default Judgment (**ECF No. 36**) is **granted**. Judgment is hereby entered in favor of the Plaintiffs, adidas AG, adidas International Marketing B.V., adidas America, Inc., Reebok International Limited, and Reebok International Ltd. (collectively the "Plaintiffs"), and against the Defendants, the Individuals, Partnerships, and Unincorporated Associations

identified on Schedule "A" hereto (collectively the "Defendants"), on all Counts of the Complaint as follows:

1. **Permanent Injunctive Relief:**

    The Defendants and their officers, agents, representatives, servants, employees and attorneys, and all persons acting in concert and participation with them are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Plaintiffs' trademarks identified in Paragraph 19 and 28 of the Complaint and Schedules "B" and "C" attached thereto (the "Plaintiffs' Marks");

    b. using the Plaintiffs' Marks in connection with the sale of any unauthorized goods;

    c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiffs;

    d. falsely representing themselves as being connected with the Plaintiffs, through sponsorship or association;

    e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiffs;

    f. using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiffs' Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants;

    g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by the Defendants as being those of the Plaintiffs or in any way endorsed by the Plaintiffs;

    h. otherwise unfairly competing with the Plaintiffs;

i. using the Plaintiffs' Marks, or any confusingly similar trademarks, on e-commerce marketplace sites, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which is visible to a computer user or serves to direct computer searches to Internet based e-commerce store website businesses registered by, owned, or operated by the Defendants; and

j. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2. **Additional Equitable Relief:**
   The Plaintiffs are additionally entitled to the following equitable relief:

   a. Upon the Plaintiffs' request, the Internet marketplace website and/or social media platform operators and/or administrators for the Seller IDs, including but not limited to iOffer.com, Inc., shall disable and/or cease facilitating access to the Seller IDs, including any other alias seller identification names being used and/or controlled by the Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Plaintiffs' Marks; and

   b. Upon the Plaintiffs' request, the Internet marketplace website operators and/or administrators, including but not limited to iOffer.com shall permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Plaintiffs' Marks via the e-commerce stores operating under the Seller IDs and any other alias seller identification names being used and/or controlled by the Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Plaintiffs' Marks.

3. **Statutory damages** in favor of the Plaintiffs pursuant to 15 U.S.C. § 1117(c) are determined to be $1,000,000.00 against each Defendant, for which sum let execution issue. The awarded amount falls within the permissible statutory range under 15 U.S.C. § 1117(c).

4. All funds currently restrained by PayPal, Inc. ("PayPal") pursuant to the temporary restraining order and preliminary injunction in this action,

are to be immediately (within 5 business days) transferred to the Plaintiffs in partial satisfaction of the monetary judgment entered herein against each Defendant. PayPal shall provide to the Plaintiffs at the time the funds are released, a breakdown reflecting the (i) total funds restrained in this matter per Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) the total funds released per Defendant to the Plaintiffs.

5. Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

6. The Court retains jurisdiction to enforce this Judgment and permanent injunction.

7. This case shall remain open as to Defendants bigsellers888888 (Defendant 2) and jinyue68 a/k/a niumama and qinglong68 (Defendant 13), **ONLY**, until further Order of the Court.

**Done and ordered** in chambers at Miami, Florida, on November 9, 2017.

_____
Robert N. Scola, Jr.
United States District Judge

# SCHEDULE "A"
# DEFENDANTS BY NUMBER, SELLER ID, AND PAYPAL ACCOUNT

| Defendant Number | Seller ID Name | PayPal Account | Additional Email |
|---|---|---|---|
| 1 | bazhuk6 | 759903594@qq.com | |
| 3 | dhgate2016 | 2849017280@qq.com | |
| 4 | ebshop168 | mnbpd1tz@16.com | |
| 5 | ghana166 | dongwei6776@163.com<br>bao6bao2@163.com<br>chengxinxin163@163.com | |
| 6 | goshopping2017 | ypbcjv278937@163.com | |
| 7 | heishui | baoshizhicheng@163.com | |
| 8 | hudolc90 | oukands35@outlook.com | |
| 8 | jadnyis78 | fghpoi520@outlook.com | |
| 8 | kunday67 | fghpoi520@outlook.com | |
| 9 | jankjauk521 | wangxiaoyi198@outlook.com | |
| 9 | tanispant116 | wangxiaoyi198@outlook.com | yiyibushe2345@outlook.com |
| 10 | jiafeimaomao1233 | fuyouguo1220@163.com<br>shishangguizu@tom.com | |
| 11 | jiajiandandan123 | chonglai201701@163.com | |
| 12 | jingying888 | 35626105@qq.com | |
| 12 | xiongmao658 | 35626105@qq.com | |
| 14 | jun0902 | mevip789@163.com<br>vipme2017@163.com | |
| 15 | jwkl362 | zhaogongming2017@outlook.com<br>caiyunhengtong47@163.com | |
| 16 | laoganma | henan8888@outlook.com | |
| 17 | liansheng8570 | yalinshuijing@sina.com | |
| 18 | lifesportschina | lifesportschina01@163.com | |
| 19 | liulexuan8 | 18937622898@163.com | |
| 20 | liying899 | jiawenwang2012@foxmail.com | |
| 20 | rongguiqing8 | jiawenwang2012@foxmail.com | |
| 21 | longfengchengxiang2017 | zhaocaijinbao2017@outlook.com | |
| 22 | luckday001 | 18638266588@163.com | |

| 23 | mzone0830luck | huifg0211@yeah.net | |
| 24 | ok567890 | 1958782571@qq.com | |
| 25 | super1866 | houyi8538@163.com | |
| 26 | topselleres | shzff98787@126.com | |
| 26 | yixiangbudao2014 | shzff98787@126.com | |
| 27 | uuic7923 | 19595691@qq.com | |
| 28 | xiao7699 | nbndbgdf@163.com | |
| 29 | xinbaoma98 | kuaile20168@163.com | |
| 30 | zuihao8886 | zhang984zhen@163.com | |
| 31 | Whatsapp +86 15818685917 | 165193479@qq.com | jimmy@dreamfoxsport.com |
| 31 | Dingchang Wen | | |